1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   LEE I. JUREWITZ,                          CASE NO. 12cv2940-WQH-WVG

12                              Plaintiff,     ORDER
             vs.
13   BANK OF AMERICA, N.A., a
     Corporation; and DOES 1 through 10,
14   inclusive,

15                              Defendants.

16   HAYES, Judge:

17        The matter before the Court is the Motion to Dismiss Plaintiff's Complaint, filed by

18   Defendant Bank of America, N.A. ("Bank of America").  (ECF No. 3).

19   **I.      Background**

20        On November 8, 2012, Plaintiff filed a Complaint in San Diego County Superior Court.

21   (ECF No. 1-1).  The Complaint states: "This action arises out of Defendant Bank of America's

22   unlawful foreclosure proceedings against Plaintiff's property in violation of the Consent

23   Judgment signed by Bank of America with Federal and State governments."  *Id*. ¶ 1.  The

24   Complaint alleges that Defendant services Plaintiff's loan, and Plaintiff has applied for a loan

25   modification.  *Id*. ¶¶ 5, 7.  The Complaint alleges that Defendant "is 'dual tracking,' meaning

26   Bank of America continues foreclosure efforts at the same time [Plaintiff] is in review for a

27   foreclosure-preventing option or appealing a denial of a modification request."  *Id*. ¶ 12.  The

28   Complaint alleges that, in April of 2012, Defendant entered into a Consent Judgment with the

United States and 49 state attorneys general, which prohibits Defendant from dual tracking. *Id.* ¶¶ 14, 16. The Complaint alleges causes of action for "breach of written contract: Consent Judgment," negligence by breaching a duty to exercise care in complying with the Consent Judgment, and unlawful and unfair acts in violation of California Business & Professions Code § 17200. *Id.* at 13.

On December 10, 2012, Defendant removed the action to this Court alleging federal question and diversity jurisdiction. (ECF No. 1). On December 17, 2012, Defendant filed the Motion to Dismiss. (ECF No. 3). On January 11, 2013, Plaintiff filed an opposition to the Motion to Dismiss. (ECF No. 4). On January 18, 2012, Defendant filed a reply. (ECF No. 5).

## II.    Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pac. Police Depot*, 901 F.2d 696, 699 (9th Cir. 1990).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

**III.    Contentions of the Parties**

Defendant contends that the first cause of action for breach of the Consent Judgment should be dismissed on the grounds that Plaintiff lacks standing to enforce the Consent Judgment, and the Consent Judgment by its own terms may only be enforced in the United States District Court for the District of Columbia.  Defendant contends that the second cause of action for negligence should be dismissed because it is based on the Consent Judgment that Plaintiff lacks standing to enforce, and because Plaintiff has not alleged facts demonstrating each of the elements of a negligence cause of action.  Defendant contends that the third cause of action for unlawful and unfair acts and practices should be dismissed because it is based on the Consent Judgment that Plaintiff lacks standing to enforce, Plaintiff lacks standing to sue under California Business & Professions Code § 17200, and Plaintiff has not alleged that Defendant has engaged in any conduct that is unlawful, unfair, or fraudulent.

Plaintiff contends that the Complaint adequately alleges a claim for breach of contract because she is an intended third-party beneficiary of the Consent Judgment and has standing to enforce the terms of the Consent Judgment in this Court.  Plaintiff contends that the Complaint adequately alleges a claim for negligence because Defendant owed Plaintiff a duty of care in reviewing Plaintiff's loan modification application, and Defendant failed to comply with its duty.  Plaintiff contends that the Complaint adequately alleges a claim for unlawful and/or unfair business acts in violation of California Business & Professions Code § 17200. Plaintiff requests leave to amend if the Motion to Dismiss is granted.

**IV.    Discussion**

    **A.    Breach of Contract**

Plaintiff contends that she is an intended third-party beneficiary of the Consent Judgment and has standing to enforce the terms of the Consent Judgment in this Court.  The Consent Judgment, which is attached to the Complaint, was ordered by the United States District Court for the District of Columbia, and was agreed to by Bank of America, the United States and 49 state attorneys general.  (ECF No. 1-1 at 18).

"[C]onsent decrees are construed as contracts for purposes of enforcement." *United*

*States v. FMC Corp.*, 531 F.3d 813, 819 (9th Cir. 2008) (quotation omitted); *see United States v. Asarco Inc.*, 430 F.3d 972, 980 (9th Cir. 2005) ("Without question courts treat consent decrees as contracts for enforcement purposes.  A consent decree, like a contract, must be discerned within its four corners, extrinsic evidence being relevant only to resolve ambiguity in the decree.").  "Federal law governs the interpretation of contracts entered into pursuant to federal law where the government is a party." *O'Neill v. United States*, 50 F.3d 677, 682 (9th Cir. 1995) (citation omitted).

"[A] well-settled line of authority from this Court establishes that a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefitted by it." *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975).  "[U]nder Ninth Circuit precedent, incidental third-party beneficiaries may not enforce consent decrees, but intended third-party beneficiaries may." *FMC Corp.*, 531 F.3d at 820 (citing *Hook v. Ariz., Dep't of Corr.*, 972 F.2d 1012, 1014 (9th Cir. 1992).  In *FMC Corp.*, the Court of Appeals for the Ninth Circuit stated: "*Hook* plausibly can be read to hold that, when the government is the plaintiff, third-party beneficiaries *never* have standing to enforce the consent decree....  But *Hook* also can be interpreted to hold only that, when the government is the plaintiff, third-party beneficiaries are presumed to be incidental in the absence of a clear expression of a different intent in the consent decree." *Id.* at 821.  In *FMC Corp.*, the Ninth Circuit assumed without deciding that the latter interpretation of *Hook* was correct.  *See id.*; *see also Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1211 (9th Cir. 1999) ("Parties that benefit from a government contract are generally assumed to be incidental beneficiaries, and may not enforce the contract absent a clear intent to the contrary.  Government contracts often benefit the public, but individual members of the public are treated as incidental beneficiaries unless a different intention is manifested.") (quotation omitted).  More recently, the Ninth Circuit stated:

> [P]arties that benefit from a government contract are generally assumed to be incidental beneficiaries, rather than intended ones, and so may not enforce the contract *absent a clear intent to the contrary.*  This clear intent hurdle is not satisfied by a contract's recitation of interested constituencies, vague, hortatory pronouncements, statements of purpose, explicit reference to a third party, or even a showing that the contract operates to the third parties' benefit and was

entered into with them in mind.  Rather, we examine the precise language of the contract for a clear intent to rebut the presumption that the third parties are merely incidental beneficiaries.

*County of Santa Clara v. Astra USA, Inc.*, 588 F.3d 1237, 1244 (9th Cir. 2009) (quotations omitted), *rev'd on other grounds by Astra USA, Inc. v. Santa Clara County, Cal.*, 131 S. Ct. 1342 (2011).

The Consent Judgment at issue contains a provision entitled, "Enforcement," which states: "[Bank of America]'s obligations under this Consent Judgment shall be enforceable solely in the U.S. District Court for the District of Columbia.  An enforcement action under this Consent Judgment may be brought by any Party to this Consent Judgment or the Monitoring Committee." (ECF No. 1-3 at 18).  The Consent Judgment establishes "Servicing Standards Quarterly Compliance Metrics," which the Monitoring Committee reviews to determine to whether Bank of America is complying with the Consent Judgment.  *Id.* at 22; *see also id.* at 8.  The enforcement provisions of the Consent Judgment describe financial punishments for violating the agreement as "civil penalties," and split the penalties between the United States and the 49 state parties.  *Id.* at 19-20.  The Consent Judgment contains no provisions referencing the possibility of an enforcement proceeding brought by an individual borrower as a third-party beneficiary.  The Consent Judgment contains no provisions referencing the possibility of an enforcement proceeding brought by any party or person in a court other than the United States District Court for the District of Columbia.

The Court finds that the "precise language" of the Consent Judgment does not establish "a clear intent to rebut the presumption that the third parties [to the Consent Judgment] are merely incidental beneficiaries." *Astra USA, Inc.*, 588 F.3d at 1244.  Accordingly, the Court concludes that Plaintiff has failed to allege sufficient facts indicating that she has standing to enforce the Consent Judgment.  The Motion to Dismiss the first cause of action for breach of contract is granted.

**B.    Negligence**

"A person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations.  Instead, courts will generally enforce the breach of a contractual

promise through contract law, except when the actions that constitute the breach violate a social policy that merits the imposition of tort remedies." *Aas v. Superior Court*, 24 Cal. 4th 627, 643 (2000), *superseded by statute on another ground as stated in Rosen v. State Farm General Ins. Co.*, 30 Cal. 4th 1070, 1079-80 (2003); *see also Stop Loss Ins. Brokers, Inc. v. Brown & Toland Med. Group*, 143 Cal. App. 4th 1036, 1041-42 (2006) (same).

The second cause of action for negligence alleges that "Defendant owes Plaintiff a duty to exercise ordinary care in complying with and following the standards set forth in the Consent Judgment." (ECF No. 1-1 ¶ 24). The Complaint does not allege that a general duty to exercise ordinary care exists apart from the standards set forth in the Consent Judgment.[1] The Complaint does not allege that "the breach [of the duty to exercise ordinary care in complying with and following the Consent Judgment] violate[s] a social policy that merits the imposition of tort remedies." *Aas*, 24 Cal. 4th at 643. The Court finds that, based upon the allegations of the Complaint, Plaintiff may not "recover in tort for the breach of duties that merely restate contractual obligations." *Id.* The Motion to Dismiss the second cause of action for negligence is granted.

## C.     California Business & Professions Code § 17200

In the Motion to Dismiss, Defendant contends that the third cause of action for violation of California Business & Professions Code § 17200 should be dismissed on the grounds that "Plaintiff has not alleged standing" because Plaintiff "has not shown that she has lost money or property because the foreclosure has not yet taken place." (ECF No. 3-1 at 8). In opposition to the Motion to Dismiss, Plaintiff fails to address Defendant's contention regarding standing.

A private action for violation of California Business & Professions Code § 17200 may only be brought "by a person who has suffered injury in fact and has lost money or property

---

[1] In his opposition brief, Plaintiff contends that, without reference to the Consent Judgment, Defendant "owes Plaintiff a legal duty to exercise ordinary care in reviewing her loan modification application." (ECF No. 4). In deciding the Motion to Dismiss, the Court is limited to reviewing the facts and legal theories that are alleged in the Complaint. *Cf. Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("[W]hen the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), review is limited to the complaint.") (quotation omitted).

as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204; *see also Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320-21 (2011) ("In 2004, the electorate substantially revised the [Unfair Competition Law]'s standing requirement; ... now private standing is limited to any person who has suffered injury in fact and has lost money or property as a result of unfair competition.") (quotation omitted).

The Complaint alleges that a foreclosure sale was scheduled (ECF No. 1-1 ¶ 8), but does not allege that Plaintiff has actually lost his property. The Complaint states that "Plaintiff ... seeks lost monies," *id.* ¶ 36, but the Complaint fails to allege "non-conclusory factual content ... plausibly suggestive of a claim" that Plaintiff has suffered injury in fact and has lost money or property as a result of the alleged unfair competition. *Moss*, 572 F.3d at 969. The Court finds that the Complaint fails to adequately allege standing pursuant to California Business & Professions Code § 17204. The Motion to Dismiss the third cause of action for violation of California Business & Professions Code § 17200 is granted.

**V.     Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss is GRANTED.  (ECF No. 3). The Complaint is dismissed without prejudice.  No later than thirty (30) days from the date this Order is filed, Plaintiff may file a motion for leave to amend the Complaint accompanied by a proposed first amended complaint.  If no motion for leave to amend is filed within thirty days, this case will remain closed without further order of the Court.

DATED:  April 10, 2013

**WILLIAM Q. HAYES**
United States District Judge